NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

CINDY A., SAMUEL S., *Appellants*,

*v.*

DEPARTMENT OF CHILD SAFETY,
H.A., V.A., A.S., S.S, *Appellees*.

No. 1 CA-JV 17-0499
FILED 7-3-2018

Appeal from the Superior Court in Mohave County
No. B8015JD201604021
The Honorable Rick A. Williams, Judge

**VACATED AND REMANDED**

COUNSEL

The Stavris Law Firm PLLC, Scottsdale
By Alison Stavris
*Counsel for Appellant, Mother*

Erika A. Arlington Esq. PC, Flagstaff
By Erika A. Arlington
*Counsel for Appellant, Father*

Arizona Attorney General's Office, Mesa
By Amanda Adams
*Counsel for Appellee, Department of Child Safety*

------------------------

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Jennifer M. Perkins joined.

------------------------

**B R O W N**, Judge:

¶1             Cindy A. ("Mother") and Samuel S. ("Father") appeal the superior court's order terminating their parental rights.  For the following reasons, we vacate the order and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2             Mother is the biological parent of H.A., born in 2004, and V.A., born in 2006.[1]  Both Mother and Father (collectively, "Parents") are the biological parents of A.S., born in 2008 and S.S., born in 2011.

¶3             In early 2016, the Department of Child Safety ("the Department") became involved with H.A., V.A., A.S., and S.S. ("the children") when it received reports of parental neglect.  These reports indicated the family was evicted from their home and lived in a storage unit.  The children were "filthy" and looked "as though they had not bathed" for several days, had minimal food, and had not been attending school.  The children were removed from Parents' care and placed in foster care.

¶4             In March 2016, the Department filed a dependency petition alleging the children were dependent as to Parents based on neglect. Specifically, the Department alleged that Parents failed to provide proper and effective parental care and control due to their substance abuse and by neglecting to provide a safe and stable home environment or provide for the children's basic needs.  In March 2016, the superior court granted the Department's petition and ordered that the Department make reasonable efforts to achieve the case plan.  Parents were offered reunification services, including substance-abuse assessments, drug testing through TASC, parent aide, supervised visitation, behavioral-health services, and individual and family counseling.

------------------------

[1]        Robert A., the biological father of H.A. and V.A., died in 2007.

¶5        For the most part, Parents failed to participate in services during roughly the first half of the dependency proceeding. They did not meaningfully participate in drug testing and visits with the children were "sporadic at best." Parents therefore made "minimal progress" with the case plan.

¶6        In January 2017, given Parents' lack of consistent engagement in the reunification services, the superior court approved changing the case plan to severance and adoption. In February, the Department filed a motion to terminate Mother's and Father's parental rights to the children based on neglect, inability to discharge parental responsibilities due to substance abuse, and nine months' out-of-home placement. *See* Arizona Revised Statutes ("A.R.S.") § 8-533(B)(2), (3), (8)(a).

¶7        Soon thereafter, Parents began completing some random drug testing with mixed results. Mother participated in services offered by Arizona Families First ("AFF") and completed a psychological evaluation in February 2017. Father completed a psychological evaluation and participated in some services with AFF.

¶8        At the termination hearing conducted on August 24, 2017, the Department presented the testimony of Felicia Carter, the case manager who handled Parents' case for approximately six months leading up to the hearing. In general terms, she testified about Parents' failure to successfully participate in the reunification services offered or to make the necessary behavioral changes that would have permitted the Department to consider reunification as a viable option. Mother testified regarding the efforts she made to comply with reunification services. Father did not testify. The superior court granted the Department's motion for termination on each of the three grounds alleged and also found that termination was in the children's best interests. Parents timely appealed.

**DISCUSSION**

¶9        To terminate parental rights, the superior court must find, by clear and convincing evidence, the existence of at least one of the statutory grounds enumerated in A.R.S. § 8-533(B). *Michael J. v. Ariz. Dep't. of Econ. Sec.*, 196 Ariz. 246, 249, ¶ 12 (2000). Because the superior court "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts," we will affirm an order terminating parental rights if reasonable evidence supports it. *Jordan C. v. Ariz. Dep't. of Econ. Sec.*, 223 Ariz. 86, 93, ¶ 18 (App. 2009) (quotation omitted).

**¶10** Parents challenge the sufficiency of the evidence supporting each of the grounds for severance, asserting that the Department failed to present evidence pertinent to their participation in services for several months leading up to the termination hearing. The missing documentation includes TASC records and Father's psychological evaluation.[2] Parents also challenge the superior court's finding that the Department made diligent efforts to provide reunification services.

**¶11** To prove the nine-month ground, the Department was required to show that the children were in an out-of-home placement for at least nine months pursuant to a court order and that Parents "substantially neglected or wilfully refused to remedy the circumstances that cause the child[ren] to be in an out-of-home placement." A.R.S. § 8-533(B)(8)(a). The "circumstances" referenced in this section means "those circumstances existing at the time of the severance" that prevent the parents "from being able to appropriately provide" for their children. *Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 330, ¶ 22 (App. 2007) (quotation omitted). Because the nine-month ground is an "expedited" termination,

> the test focuses on the level of the parent's effort to cure the circumstances rather than the parent's success in actually doing so. If the moving party cannot establish that the parent 'substantially neglected or willfully refused' to cure the circumstances, even if it establishes that the circumstances were not cured at the time of severance, it cannot obtain severance until the child has been in an out-of-home placement for at least fifteen months.

*Id.* at 329, ¶¶ 20-21. Here, although the children had been in an out-of-home placement for approximately 17 months at the time of the termination hearing, nothing in the record suggests the Department sought to add

---

[2] Only Mother specifically references the Department's failure to present evidence of the TASC results for the three-month period preceding the termination hearing. Because the superior court was obligated to consider the circumstances existing at the time of severance as to each parent, we need not separately address their precise arguments regarding the missing documentation. *See Marina P. v. Ariz. Dep't of Econ. Sec.*, 214 Ariz. 326, 330, ¶ 22 (App. 2007). Additionally, although neither parent specifically raises the issue, our review of the record indicates that the Department failed to present notes from Parents' visits with the children for the four-month period leading up to the hearing.

fifteen months' out-of-home placement under A.R.S. § 8-533(B)(8)(c) as a ground for termination.

¶12        To prove the substance abuse ground, the Department was required to prove that (1) Parents were unable to discharge their parental responsibilities because of a history of chronically abusing drugs, and (2) there were reasonable grounds to believe Parents' chronic abuse of drugs would continue for a prolonged indeterminant period.  A.R.S. § 8-533(B)(3).

¶13        To prove the neglect ground, the Department was required to show that Parents were unable or unwilling to provide the children "with supervision, food, clothing, shelter or medical care if that inability or unwillingness causes unreasonable risk of harm to the child's health or welfare."  A.R.S. §§ 8-533(B)(2), 8-201(25).  In the motion for termination, the Department alleged in part that Parents "have failed to mitigate any of the Department's concerns or demonstrate appropriate parenting skills. The parents are believed to remain unable to appropriate[ly] parent the children and provide a safe living environment."

¶14        Additionally, and based on the unique circumstances of this case, the Department was required to show that it made diligent efforts to reunify the family to meet its burden of proving each of the three alleged termination grounds.[3]  *See* A.R.S. § 8-533(B)(8) (requiring, for the nine-month ground, "that the agency responsible for the care of the child has made a diligent effort to provide appropriate reunification services").  The Department must give parents "the time and opportunity to participate in programs designed to help [them] become . . . effective parent[s]." *Maricopa Cty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994).    The Department "is not required," however, "to provide "every conceivable service or to ensure that a parent participates in each service it offers." *Id.*

¶15        The Department does not dispute that it failed to present Parents' TASC results for June, July, and August at the severance hearing. Carter testified that "TASC testing is very important for the Department to be able to reasonably say with evidence that there's consistency of several months that Mom or Dad tested clean."  Carter opined that based on the

---

[3]        With no citation to authority, the Department argues the "neglect ground requires only a finding of past neglect, not current or future inability to parent."  Even assuming the Department is correct, in this case, the Department's argument conflicts with the allegations of the motion for termination. *See supra* ¶ 13.

TASC test results and Parents "psychological evaluations," their substance abuse problems would continue for a prolonged and indeterminate amount of time. She also testified that to even consider reunification, the Department is looking for "clean TASC tests, consistency in TASC testing, [and] testing clean more than a month period of time."

¶16 Carter's testimony underscores the significance of the TASC results and Father's psychological evaluation. She explained the importance of the TASC results in evaluating Parents' progress and indicated that Parents needed to consistently show clean results for several months, or at least one month, for the Department to even consider reunification. Like Mother's evaluation, Father's psychological evaluation is presumably relevant to (1) his substance abuse history; (2) the likelihood he can overcome his addiction; (3) and what services, if any, might be able to assist him in resolving his issues with substance abuse, unstable housing, and lack of resources to support the children. Without those documents, the superior court could not properly assess whether the Department met its burden of proving that at the time of the severance, Parents had failed to make the necessary changes to show they can properly parent the children. *See Marina P.*, 214 Ariz. at 330, ¶ 22.

¶17 The lack of visitation notes for the four-month period leading up to the termination hearing is also significant. Implicit in the Department's obligation to establish that it made diligent reunification efforts is providing documentation to the court confirming such efforts. Without the notes, the superior court could not properly evaluate that aspect of Parents' progress (or lack thereof) toward reunification.

¶18 In sum, we acknowledge that Parents have struggled with meeting the case plan goals established for family reunification. As far as the record reveals, they missed a substantial number of drug tests and unnecessarily delayed in accomplishing many of the tasks they were expected to complete. However, Parents' last three months of TASC testing records, Father's psychological evaluation, and the last four months of Parents' visitation notes are critical evidentiary pieces missing from this record. Without that information, we cannot say that reasonable evidence supports the superior court's determination that the Department proved by

clear and convincing evidence any of the three grounds for severance alleged in the motion for termination.[4]

## CONCLUSION

**¶19** For the foregoing reasons, we vacate the superior court's order terminating Mother's and Father's parental rights to the children and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[4] Given our conclusion, we need not address Father's argument that his counsel was ineffective by failing to bring to the superior court's attention that Father had completed substance abuse education.